UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDY ZAVALA ODANGA,<br>Patient #1769488,<br><br>                              Plaintiff,<br><br>v.<br><br>SAN DIEGO POLICE OFFICERS<br>JODAR, CABRALES and JOHN DOE,<br><br>                              Defendants. | Case No.:  23-CV-0723-RSH-DEB<br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* WITHOUT PREJUDICE;**<br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE; AND**<br>**(3) DIRECTING PLAINTIFF TO NOTIFY THE COURT OF CURRENT ADDRESS** |

Plaintiff Freddy Zavala Odanga, currently committed to Patton State Hospital ("PSH") in Patton, California, proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1–2. Plaintiff alleges that on May 6 and 7, 2022, he was tortured by three San Diego police officers. ECF No. 1 at 3, 5.

I.     **Motion to Proceed IFP**

All parties instituting any civil action in a district court of the United States, except a petition for writ of habeas corpus, must pay a civil filing fee of $402, and the action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted

pursuant to 28 U.S.C. § 1915(a).[1] *See* 28 U.S.C. § 1914(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) (stating that "28 U.S.C. § 1915(a) allows the district court to waive the fee, for most individuals unable to afford it, by granting IFP status").

Plaintiffs who wish to proceed IFP must establish their inability to pay the civil filing fee by filing an affidavit attesting to their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners seeking leave to proceed IFP are also required to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20 percent of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1) & (4). The institution collects subsequent payments, assessed at 20 percent of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). A plaintiff remains obligated to pay the entire fee in monthly installments regardless of whether the action is ultimately dismissed. *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

Here, Plaintiff states in his IFP motion: "I-have-no-money-they-will-not-give-me-reciept-of-6-months-no-money." ECF No. 2 at 1. If Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915, the Court cannot grant his IFP application without the trust fund account statement for the 6-month period immediately preceding the filing of his Complaint as required by 28 U.S.C. § 1915(a). *See King*, 398 F.3d at 1119 ("[P]risoners must demonstrate that they are not able to pay the filing fee with an affidavit and

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

submission of their prison trust account records.") (citing 28 U.S.C. § 1915(a)(1)–(2)). A "prisoner means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Although Plaintiff is currently committed to PSH, he has not shown that he is *not* a "prisoner" as defined by 28 U.S.C. § 1915(h). Therefore, Plaintiff has not shown that he is exempt from submitting a trust fund account statement for the 6-month period immediately preceding the filing of his Complaint.[2]

This Court and others have found that the definition of "prisoner" under 28 U.S.C. § 1915(h) does not apply to plaintiffs who have been committed to a state hospital after being adjudicated not guilty by reason of insanity ("NGI") pursuant to California Penal Code § 1026. *See e.g.*, *Smith v. California*, No. 13cv2809-WQH (JLB), 2014 WL 2180532, at *1 (S.D. Cal. May 22, 2014) (finding civil detainee at PSH was not required to comply with filing fee provisions under the Prison Litigation Reform Act); *accord Miesegaes v. Allenby*, No. 15cv1574-CJC (JC), 2015 WL 13763858, at *1 n.2 (C.D. Cal. May 6, 2015); *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1240 (N.D. Cal. 2008) (finding plaintiff involuntarily committed to state hospital based on NGI adjudication need not comply with the Prison Litigation Reform Act's exhaustion requirement). However, persons charged with a criminal offense but found to be incompetent "during the pendency of an action and prior to judgment," may have their criminal prosecution suspended until mental competence has been restored. *See* Cal. Penal Code §§ 1368–69. If an individual is found

---

[2] PSH is a forensic psychiatric hospital located in San Bernardino County, California. *See Department of State Hospitals – Patton*, California Department of State Hospitals, https://www.dsh.ca.gov/Patton/index.html (last visited May 2, 2023). PSH houses, among others, persons who are found incompetent to stand trial under California Penal Code § 1370; "[p]arolees who committed one of a specified list of crimes and who were treated for a severe mental disorder connected to their original crime" under California Penal Code §§ 2962 and 2972; and "[p]ersons judged by the court to be guilty of a crime, but not guilty because they were insane at the time of the crime" under California Penal Code § 1026.

competent at the trial regarding mental competence under California Penal Code § 1369, the criminal process resumes, *i.e.*, the individual can be tried and judgment pronounced. *See* Cal. Penal Code § 1370(a)(1)(A). If found incompetent, the criminal trial proceeding or judgment remains suspended until competency is restored. *See id.* § 1370(a)(1)(B). The individual determined to be incompetent is then transferred to a state hospital. *See id.* § 1370(a)(1)(B)(i). But "[h]ospitalization under § 1370 is part of the criminal proceedings against the defendant rather than a civil matter." *In re Rosenbalm*, No. 06cv7801-SI (PR), 2007 WL 1593207, at *2 (N.D. Cal. June 1, 2007). And "[t]hough . . . at a state hospital rather than in a county jail," a person found incompetent pursuant to Penal Code § 1370 nevertheless "is being detained in a facility and accused of a violation of the criminal law and therefore is a prisoner for purposes of [28 U.S.C.] § 1915." *Id.* Thus, unlike a civil detainee or immigration detainee who has no criminal charges pending against him, a person detained at a California State Hospital pending a competency determination stands "accused of . . . violations of criminal law." *See id.* at *2 (quoting 28 U.S.C. § 1915(h)). *Cf. Page v. Torrey*, 201 F.3d 1136, 1139–40 (9th Cir. 2000) (finding that a person civilly committed pursuant to California's Sexually Violent Predators Act is not a "prisoner" within meaning of 28 U.S.C. § 1915); *Agyeman v. INS*, 296 F.3d 871, 885–86 (9th Cir. 2002) (finding that an alien detained pending civil deportation proceedings is not a prisoner under the Prison Litigation Reform Act).

Further, Plaintiff states in his Complaint that he has filed three "other lawsuits in a federal court while a prisoner" in which he raised the "same issues" as the current Complaint. ECF No. 1 at 1. The Court takes judicial notice of its own docket. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (holding that a court may take notice of proceedings within the federal judicial system which have a direct relation to matters at issue). A review of that docket indicates that: (1) on April 20, 2018, Plaintiff, while incarcerated at the San Diego Central Jail, filed *Odanga v. Emmens*, S.D. Cal. Civil Case No. 18-cv-0778-JLS (BGS) (civil rights complaint pursuant to 42 U.S.C. § 1983), which was dismissed as frivolous on May 18, 2018; (2) on July 11, 2019, Plaintiff, while

incarcerated at the West Valley Detention Center in Rancho Cucamonga, California, filed *Odanga v. Sheriffs of San Diego*, S.D. Cal. Civil Case No. 19-cv-01292-JLS (RBM) (civil rights complaint pursuant to 42 U.S.C. § 1983), which was dismissed as frivolous on October 7, 2019; and (3) on December 21, 2022, Plaintiff, while incarcerated at the George Bailey Detention Facility in Santee, California, filed *Odanga v. California Attorney General*, S.D. Cal. Civil Case No. 22-cv-02032-WQH (JLB) (petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254), which was dismissed as frivolous on January 10, 2023.

Because Plaintiff indicates he is raising the same issues in this action as in those prior actions where he satisfied the definition of "prisoner" within the meaning of 28 U.S.C. § 1915, and because he apparently acknowledges a need to submit a 6-month trust account statement, the Court cannot grant his IFP application without the trust fund account statement for the 6-month period immediately preceding the filing of his Complaint absent a showing he is not a "prisoner." *See King*, 398 F.3d at 1119 (citing 28 U.S.C. § 1915(a)(1)–(2)). The Court is mindful of Plaintiff's statement that "they" will not give him a copy of his trust fund account statement for the 6-month period immediately preceding the filing of his Complaint. *See* ECF No. 2 at 1. However, without more details as to why Plaintiff is unable to provide the statement and what efforts he has made to obtain one, the Court will not accept Plaintiff's conclusory statement as proof that he cannot provide the required statement.

For the reasons above, Plaintiff's motion to proceed IFP is **DENIED** without prejudice. If Plaintiff wishes to proceed IFP, he may refile an application, which must include (a) a copy of his trust fund account statement for the 6-month period immediately preceding the filing of his Complaint, **OR** (b) a detailed statement about what steps he has taken to obtain and provide such a statement, **OR** (c) demonstrate he is not a "prisoner" within the meaning of 28 U.S.C. § 1915.

/ / /

/ / /

## II. Duty to Keep the Court Advised as to Plaintiff's Current Address

On May 1, 2023, the Court received notice that mail sent to Plaintiff was returned as undeliverable. ECF No. 3. Under the Local Rules of this District, Plaintiff, as a pro se litigant, has a duty to keep the Court advised as to his current address. *See* Civ. L.R. 83.11. The Local Rules further state:

> If mail directed to a pro se plaintiff by the Clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of the plaintiff's current address, the Court may dismiss the action without prejudice for failure to prosecute.

*Id.*

The Court therefore directs Plaintiff to notify the Court of his current address by no later than **June 30, 2023**.

## III. Conclusion and Order

Accordingly, the Court:

(1) **DENIES** Plaintiff's motion to proceed IFP (ECF No. 2) without prejudice;

(2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the civil filing and administrative fee or to submit a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) & 1915(a);

(3) **DIRECTS** Plaintiff to notify the Court of his current address by no later than **June 30, 2023**; and

(4) **GRANTS** Plaintiff leave to (a) prepay the entire $402 civil filing and administrative fee in full; **OR** (b) complete and file a properly supported motion to proceed IFP which includes a certified copy of his PSH trust account statement for the 6-month period preceding the filing of his Complaint, *if* he is a prisoner as defined by 28 U.S.C. § 1915(h); **OR** (c) show he is not a "prisoner" within the meaning of 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915(a)(2); Civ. L.R. 3.2(b).

If Plaintiff fails to either pay the $405 civil filing fee or submit a properly supported motion to proceed IFP or demonstrate he is not a "prisoner" within the meaning of 28

U.S.C. § 1915 by **June 30, 2023**, this action will remain dismissed without prejudice based solely on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

**IT IS SO ORDERED**.

Dated: May 8, 2023

*Robert S. Huie*
Hon. Robert S. Huie
United States District Judge